UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CALEATHA S. GIBSON, | ) | Civil Action Number: 4:19-cv-00084-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| ANDREW SAUL,[1] | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On March 16, 2020, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, on the basis that she was the prevailing party and that the position taken by the Commissioner in this action was not substantially justified. (ECF No. 27). On March 30, 2020, the parties agreed to a stipulated amount of attorney fees in the amount of Four Thousand Dollars ($4000.00) which represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d). (ECF No. 30).[2]

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States, unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

As stated above, the parties have stipulated to an award of attorney's fees in the amount of Four Thousand Dollars ($4000.00). Despite the stipulation, the court is obligated under the

---

[1] On June 17, 2019, Andrew Saul became the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (providing that an action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

[2] As the parties have entered into a stipulation for an award of attorney's fees pursuant to EAJA, Plaintiff's motion for attorney fees (ECF No. 27) is moot.

EAJA to determine if the fee is proper.³ The court concludes that the Commissioner's position was not substantially justified and the stipulated fee request of Four Thousand Dollars ($4000.00) is appropriate. Accordingly, upon consideration of the stipulation of the parties, it is hereby,

**ORDERED** that Plaintiff, Caleatha Gibson, is awarded Four Thousand Dollars ($4,000) in attorney fees. These attorney fees will be paid directly to Plaintiff, Caleatha Gibson, and sent to the business address of Plaintiff's counsel.⁴

                                           s/Thomas E. Rogers, III
                                           Thomas E. Rogers, III
                                           United States Magistrate Judge

April 13, 2020
Florence, South Carolina

---

³ See Design & Prod., Inc. v. United States, 21 Cl. Ct. 145, 152 (1990) (holding that under the EAJA, "it is the court's responsibility to independently assess the appropriateness and measure of attorney's fees to be awarded in a particular case, whether or not an amount is offered as representing the agreement of the parties in the form of a proposed stipulation.").

⁴The court notes that the fees must be paid to Plaintiff. See Astrue v. Ratliff, 560 U.S. 586 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting the EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir. 2009) (holding the same).